UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RED ROOF INNS, INC.,

      Plaintiff,

                                   Case No. 2:10-cv-525

      v.                          JUDGE EDMUND A. SARGUS, JR.
                                   Magistrate Judge Terence P. Kemp

A.C. FURNITURE COMPANY, INC.,

      Defendant.

## OPINION AND ORDER

This matter is presently before the Court on Defendant A.C. Furniture Company, Inc.'s

Motion to Dismiss Plaintiff's Amended Complaint or in the Alternative Motion to Stay. (Doc.

26.) For the reasons that follow, the Court **GRANTS** Defendant's motion as it relates to its

request for a stay.

### I. Procedural History

On August 13, 2010, Defendant A.C. Furniture filed a motion to dismiss or in the

alternative to stay. (Doc. 6.) Plaintiff Red Roof Inns filed an opposition thereto (Doc. 7), to

which A.C. Furniture filed a reply (Doc. 11). On March 2, 2011, the Court issued an Order

stating:

> This matter is before the Court for consideration of Defendants' Motion to
> Dismiss or in the Alternative to Stay (Doc. 6). The Court finds that it would
> benefit from additional briefing from the parties on how the factors set forth
> in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800
> (1976), as interpreted by the United States Court of Appeals for the Sixth
> Circuit apply under the facts of this case. Accordingly, the parties shall file
> briefs discussing their respective positions on this issue by no later than
> March 9, 2011. Any responses shall be filed by no later than March 16, 2011.

(Doc. 18.)

On March 8, 2011, A.C. Furniture filed a notice of withdrawal of its motion to

dismiss or stay. (Doc. 19.) In an Order entered on March 9, 2011, the Court directed:

> Pursuant to the Notice of Withdrawal of the Motion to Dismiss or in the
> Alternative Motion to Stay filed by Defendant A.C. Furniture (Doc. 19), and
> for the reasons set forth in that notice, the Court hereby **ORDERS** that A.C.
> Furniture's Motion to Dismiss or in the Alternative Motion to Stay (Doc. 6)
> be **WITHDRAWN WITHOUT PREJUDICE**, pending the outcome of
> settlement discussions with Plaintiff, Red Roof Inns, Inc.
>
> A.C. Furniture shall be permitted to reactivate its Motion to Dismiss or in
> the Alternative Motion to Stay upon simple notice to the Court. No motion shall
> be required to reactivate the Motion to Dismiss or in the Alternative Motion
> to Stay, and no additional briefing shall be required except the additional
> briefing regarding *Colorado River* abstention previously ordered by the Court
> in its March, 2011 Order.

(Doc. 21.)

On April 21, 2011, Red Roof Inns filed an Amended Complaint. (Doc. 23.)

On May 19, 2011, Defendant filed A.C. Furniture Company, Inc.'s Motion to Dismiss

Plaintiff's Amended Complaint or in the Alternative Motion to Stay. (Doc. 26.) In that motion,

A.C. Furniture indicates that, "[i]n light of the filing of the Amended Complaint, and given the

Court's request for further briefing on the *Colorado River* abstention doctrine, A.C. Furniture

deemed it necessary to file a separate Motion to Dismiss/Stay, rather than merely reactivating its

previously filed Motion to Dismiss/Stay." *Id.* at 2. On June 13, 2011, Red Roof Inns filed

Plaintiff's Memorandum in Opposition to Defendant A.C. Furniture Company, Inc.'s Motion to

Dismiss Plaintiff's Amended Complaint or in the Alternative Motion to Stay. (Doc. 27.) And on

June 27, 2011, Defendant filed A.C. Furniture Company, Inc.'s Reply to Plaintiff's

Memorandum in Opposition to Defendant A.C. Furniture Company, Inc.'s Motion to Dismiss

Plaintiff's Amended Complaint or in the Alternative Motion to Stay.  (Doc. 28.)

## II. Facts

### A. State Court Action

On July 30, 2009, James Tekavec ("Tekavec") and his wife filed an action in the Cuyahoga County Court of Common Pleas.  The complaint named as defendants, among others, Red Roof Inns and A.C. Furniture.  Following the filing of motions to transfer venue, the case was transferred to the Stark County Court of Common Pleas, where it was assigned Case No. 2009-CV-03779 ("State Court Action").[1]

Tekavec alleges that on July 31, 2007, he was a guest of Red Roof Inns at 5353 Inn Circle, Canton, Stark County, Ohio.  Tekavec was allegedly injured while on the premises when he fell out of a chair that was manufactured and/or assembled by A.C. Furniture.  The complaint states claims for premises liability against Red Roof Inns and product liability against A.C. Furniture.  The complaint also states a derivative claim for loss of consortium on behalf of Tekavec's wife.

Red Roof Inns filed an answer to the complaint and crossclaims against A.C. Furniture, alleging that A.C. Furniture is obligated to defend and indemnify it in the State Court Action. Red Roof Inns alleges crossclaims for: (1) contractual indemnity (based upon the terms of a written contract into which Red Roof Inns and A.C. Furniture allegedly entered); (2) common law indemnity; and (3) contribution.

A.C. Furniture filed crossclaims in the State Court Action against Red Roof Inns for

---

[1]This Court takes judicial notice of the filings in the record of the State Court Action. *See Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005); *Scarso v. Cuyahoga Cty. Dept. of Human Serv.*, 917 F.2d 1305 (6th Cir. 1990).

3

contribution, indemnification, spoliation and declaratory judgment. A.C. Furniture requested

permission to amend its crossclaims, which now specifically reference all of the allegations in the

case *sub judice*, which it refers to as "the Federal Litigation." In the amended crossclaims, A.C.

Furniture states:

### FACTS COMMON TO ALL CLAIMS

6. On June 8, 2010, the Red Roof Inn Defendants commenced another lawsuit against A.C. Furniture in *Red Roof Inns, Inc. v. A.C. Furniture Co., Inc.*, No. 2:10-cv-00525, in the United States District Court for the Southern District of Ohio ("Federal Litigation") seeking: (1) the same damages as its Cross-Claims in this case; and (2) property damages, economic losses and litigation and claims expenses associated with other alleged defective chairs claimed to have been provided by A.C. Furniture. A copy of the Complaint in the Federal Litigation is attached hereto as Exhibit 3. A.C. Furniture restates the allegations contained in the Complaint in the Federal Litigation, not for purposes of admitting, but for purposes of stating the nature of the claims brought by the Red Roof Inn Defendants in the Federal Litigation.

(Doc. 12-2 at 3, ¶ 6.) The crossclaims in relevant part read:

35. The claims of the Red Roof Inn Defendants against A.C. Furniture in this case and in the Federal Litigation purport to be based upon various contractual and common law duties breached by A.C. Furniture with respect to furniture allegedly provided to the Red Roof Inn Defendants.

36. An actual, real and substantial controversy exists between the parties as to whether A.C. Furniture owes any contractual and common law duties to the Red Roof Inn Defendants and whether such duties have been breached by A.C. Furniture. Such controversy requires a judicial declaration of the respective rights and responsibilities of A.C. Furniture and the Red Roof Inn Defendants with respect to the duties alleged in this case and in the Federal Litigation.

*Id.* at 8, ¶¶ 35, 36.

The State Court Action also includes the recently joined Chinese manufacturer of the

chair component that was allegedly defective, Heifei Highland Import & Export Trade Co., Ltd.

4

## B.  The Instant Action

On June 8, 2010, Red Roof Inns filed the instant action, in which it alleges four claims for

relief.  Red Roof Inns describes its claims as follows:

> In Counts One and Two, Red Roof seeks damages arguing that the chairs are
> defective and do not conform to AC Furniture's express and [implied] warranties.
> (Am. Compl. ¶¶ 26–36, ECF No. 23.)  In Count Three, Red Roof seeks damages
> arising from AC Furniture's refusal to accept the defense of a number of claims
> (including the Tekavec claim) under a theory of breach of contract.  (*Id.* ¶¶
> 37–41.)  Finally, Red Roof seeks a declaratory judgment that AC Furniture must
> abide by its contractual obligations to defend and indemnify Red Roof from all
> pending and future claims arising from broken desk chairs, including the three
> claims already tendered to AC Furniture for defense, which AC Furniture has
> improperly refused. (*Id.* ¶¶ 42–44.)

(Doc. 26 at 2.)

## III. Analysis

Defendant argues that the principles of abstention render it appropriate for this Court to

yield its subject matter jurisdiction in deference to the State Court Action.  Abstention permits a

federal court to decline to exercise jurisdiction, even though all jurisdictional requirements are

satisfied and the dispute is justiciable. 17A James Wm. Moore, Moore's Federal Practice at

122-1 (3rd ed. 2010).  There are several abstention doctrines.  Defendant here relies upon both

*Brillhart* and *Colorado River* abstention to support its position.

In *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), the United States Supreme Court

held that a district court may abstain from exercising jurisdiction in a declaratory judgment action

in deference to pending state court proceedings.  Defendant refers to the *Brillhart* standard as a

"discretionary" standard, one less stringent than the standard imposed under *Colorado River*

abstention.  The parties agree that the United States Courts of Appeal are split on whether

5

*Brillhart* applies to actions that seek more than declaratory relief. In the instant action, Red Roof

seeks declaratory, injunctive, and monetary relief. The Sixth Circuit has not spoken directly to

the issue. This Court, however, need not decide the issue because, even under the more stringent

*Colorado River* standard, the Court finds that abstention is appropriate.

## A. *Colorado River* Abstention

"Abstention is 'an extraordinary and narrow exception to the duty of a District Court to

adjudicate a controversy properly before it.'" *Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 660

(6th Cir. 2002) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S.

800, 813 (1976)). The doctrine is based on principles of federalism and comity. *Id.* (citing

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996)). As a general rule, a federal court

need not dismiss or stay an action on account of parallel state court proceedings. *See Brillhart*,

316 U.S. at 495.

But in *Colorado River Water Conservation District v. United States*, the Supreme Court

created a narrow exception to the "virtually unflagging obligation of the federal courts to exercise

the jurisdiction given them." 424 U.S. at 818 (citations omitted). "'Abdication of the obligation

to decide cases can be justified under this doctrine only in the exceptional circumstances where

the order to the parties to repair to the State court would clearly serve an important countervailing

interest.'" *Id.* at 813 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185,

188-189 (1959)). The *Colorado River* Court held that in certain circumstances, the principles of

wise judicial administration, conservation of judicial resources, and comprehensive disposition

of litigation may warrant abstention on account of parallel state litigation. *Id.* at 817 (citation

omitted). The Court recognized that duplicative litigation is wasteful. *See id.* This is so

especially considering that in many cases, the first court to render a judgment will divest the other court of jurisdiction because of the doctrine of *res judicata*.

The party seeking abstention must establish first that the state-court proceeding is a "parallel proceeding" to the one pending in the federal district court. Second, the party seeking abstention must show that it is necessary for "wise judicial administration." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998).

### 1. Parallel proceedings

The threshold question in a *Colorado River* cast is whether there are parallel proceedings in state court. *Bates v. Van Buren Tp.*, 122 F. App'x. 803, 806 (6th Cir. 2004) (citing *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984)). To be considered parallel, the state court proceedings need only be "substantially similar," not identical. *Romine*, 160 F.3d at 340. There is also no requirement that the parties in the state court proceedings be identical to those in the federal case. *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990). Here, the Court finds that the State Court Action and the instant action are substantially similar.

A.C. Furniture's amended crossclaim against Red Roof Inns in the State Court Action incorporates by reference Red Roof Inns' claims alleged against A.C. Furniture in this action, as set forth above. Red Roof Inns submits that the amended crossclaim merely makes "vague reference" to this action and that it does not include Red Roof Inns contract and warranty claims for damages against A.C. Furniture. This Court, however, disagrees with that assessment. A.C. Furniture's amended crossclaim attaches a copy of the complaint filed in the instant action and specifically lays out the claims filed by Red Roof Inns in this action: "(1) the same damages as its Cross-Claims in [the State Court Action]; and (2) property damages, economic losses and

7

litigation and claims expenses associated with other alleged defective chairs claimed to have been provided by A.C. Furniture." (Doc. 12-2 at 3, ¶ 6.)

The crossclaim goes on to posit that the claims in both proceedings "purport to be based upon various contractual and common law duties [*i.e.*, Red Roof Inns' warranty and breach of contract claims] breached by A.C. Furniture[.]" *Id.* at 8, ¶ 35. Finally, the crossclaim indicates that it presents a justiciable controversy to the state court because the crossclaim "requires a judicial declaration of the respective rights and responsibilities of A.C. Furniture and the Red Roof Inn Defendants with respect to the duties alleged in this case and in the Federal Litigation." *Id.* at 8, ¶ 36. This Court finds that the language in this pleading incorporates all of the claims presented in the case currently before this Court and brings before the state court the all-inclusive issue of whether A.C. Furniture owes Red Roof Inns obligations relative to any damages (whether personal injury arising from tort or economic arising from contract) concerning the use of any of the allegedly defective chairs that A.C. Furniture supplied to Red Roof. And, as A.C. Furniture correctly points out, by granting A.C. Furniture leave to file its amended crossclaim, that state court has agreed to consider the claims presented in it.

### 2. Abstention factors

"The Supreme Court has identified eight factors, four in *Colorado River* and four in subsequent decisions, that a district court must consider when deciding whether to abstain from exercising its jurisdiction due to the concurrent jurisdiction of a state court." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206-207 (6th Cir. 2001) (citing *Romine*, 160 F.3d at 340-41) (collecting cases and factors)). These considerations are:

(1) whether the state court has assumed jurisdiction over any res or property; (2)

8

whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained[;] . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Id.* (citing *Romine*, 160 F.3d at 340-41) (omissions in original). When considering these factors, "'the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983)). Here, the danger of piecemeal litigation, the order in which the proceedings were filed, the advanced nature of the proceedings in the State Court Action, the absence of a federal issue, and the adequacy of the Ohio forum to protect Red Roof Inns' rights militate strongly in favor of abstention.

The avoidance of piecemeal litigation, the third *Colorado River* factor, weighs heavily in favor of abstention. Piecemeal litigation occurs when different courts adjudicate the same issue, thereby duplicating judicial effort and potentially rendering conflicting results. *Romine*, 160 F.3d at 341. The outcome of the crossclaims of Red Roof Inns and A.C. Furniture in the State Court Action and Red Roof Inns' amended complaint in the instant action depend upon resolution of the same issue: what (if any) defense/indemnity obligations are owed by A.C. Furniture to Red Roof Inns. Indeed, Red Roof Inns' breach of contract and breach of warranty claims are incorporated into the A.C. Furniture's amended crossclaim in the State Court Action, where the state court is asked to decide the same contractual and common law claims brought by Red Roof

9

Inns in the instant federal litigation. The threat of piecemeal litigation here is thus high. As the

Sixth Circuit commented in *Romine*:

> When a case proceeds on parallel tracks in state and federal court, the threat
> to efficient adjudication is self-evident. But judicial economy is not the only
> value that is placed in jeopardy. The legitimacy of the court system in the
> eyes of the public and fairness to the individual litigants also are endangered
> by duplicative suits that are the product of gamesmanship[2] or that result from
> conflicting adjudications.

*Id.* (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691 (7th Cir. 1985)). For this

Court and the state court to focus simultaneously on the same issue would be a waste of limited

judicial resources. *See Phillip Diniaco & Sons, Inc. v. Max J. Colvin & Sons*

*Trucking, Inc.*, 865 F.2d 1269, 1988 U.S. App. LEXIS 17526, at *7 (6th Cir. December 23, 1988)

("[T]he upshot of all this is that [the plaintiff] is asking the federal court to commit its limited

resources to resolution of the same underlying dispute in which the parties have been engaged

under state court aegis[.]"). As Judge Marbley remarked in *Emerald Logistics, Inc. v. Crutcher*,

No. 2:07-CV-1112, 2008 U.S. Dist. LEXIS 64898 (S.D. Ohio August 25, 2008), in concluding

that abstention was appropriate under *Colorado River*:

> It would be especially wasteful to simultaneously litigate this dispute in two for[a]
> considering that the Tennessee court will almost certainly render a judgment first
> and thereby deprive this Court of jurisdiction to resolve the matter because of *res
> judicata. Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281 (1970).
> But this is not the only cost. The race to judgment also creates perverse incentives
> for each party "to accelerate or stall proceedings in one of the for[a] in order to
> ensure that the court most likely to rule in its favor will decide a particular issue
> first." *LaDuke v. Burlington N.R.R.*, 879 F.2d 1556, 1560 (7th Cir. 1989).

*Id.* at *10.

---

[2]This Court is not implying that counsel here are engaging in any type of inappropriate
gamesmanship.

Similar to the situation in *Emerald Logistics*, simultaneously litigating this action and the State Court Action would be especially wasteful because the state court will almost certainly render judgment first, thereby depriving this Court of jurisdiction to resolve the matter because of *res judicata*. Indeed, pursuant to Red Roof Inns' request all of the dates previously set in this Court's preliminary pretrial order have been vacated pending the outcome of this Court's decision on abstention. (*See* Doc. 36.) The parties agreed in a status conference held related to that request that the discovery that is now ongoing in the State Court Action "would be equally applicable to this case, should the Court not abstain from exercising its jurisdiction." *Id.* Consequently, the Court stayed discovery in the present case. The State Court Action, however, has been litigated for over two and one-half years.

The fourth *Colorado River* factor, the order in which jurisdiction was obtained, also strongly favors abstention. The State Court Action was filed nearly a year before this case. Unlike other cases, where minimal temporal delays failed to support a finding of abstention, *see, e.g., Moses H. Cone*, 460 U.S. at 21 (1983) (finding that 19-day difference between filings in state and federal court was immaterial given absence of progress in state court and substantial proceedings that had occurred in federal court), the present case involves a significant delay.

The fifth factor the Court must consider in its abstention analysis is whether the source of governing law is state or federal. The United States Supreme Court stated in *Moses H. Cone* that "the presence of federal law issues must always be a major consideration weighing against surrender" of federal jurisdiction in deference to state proceedings. 460 U.S. at 26. Thus, the factor cuts decisively in favor of abstention because Ohio or Texas substantive law governs Red Roof Inns' claims herein. Red Roof Inns presents no issues that require consideration of federal

11

law.

The adequacy of the state court action to protect the federal plaintiff's rights, the sixth *Colorado River* factor, also favors abstention because the state court is better suited to safeguard Red Roof Inns' interests here. The state court has jurisdiction over the Tekavecs and Heifei Highland Import & Export Trade Co., Ltd. as well as A. C. Furniture and Red Roof Inns. This Court, however, has jurisdiction only over the latter two entities.

The seventh *Colorado River* factor, the relative progress of the state and federal litigation, tips the scales firmly in favor of abstention. The case *sub judice* has not proceeded beyond the filing of initial pleadings. In the State Court Action, discovery is well-underway. Written discovery has been served and answered; Tekavec has been deposed; Tekavec's wife has been deposed; and Tekavec's medical expert has been deposed. Additionally, a Chinese entity (Heifei Highland Import & Export Trade Co., Ltd.), upon whom, after six months of effort, service of process is complete, has been added as a third-party defendant. In a similar situation, the Sixth Circuit concluded that abstention was appropriate:

> At the time the district court exercised its discretion to stay its own proceedings, the defendants in the Greenfield Ohio state action had answered the Complaint; the state court had entered an order consolidating three related cases, as well as a confidentiality order; the parties were well into the discovery process, having already answered several sets of discovery requests; and the defendants had produced over thirty boxes of documents for plaintiff's review. By contrast, the consolidated federal actions were still in the initial pleading stage. The Defendants note that since the lower court's decision to abstain, even further progress has been made in the state action: depositions have been taken; discovery requests and thousands of documents have been exchanged; the state court has placed the case on its complex administrative track; and defendants have moved for summary judgment. It is also not inconsequential that the state court obtained jurisdiction over Greenfield's state action one month and nine months, respectively, before Romine's and Mitelman's federal actions were filed in the lower court.

12

*Romine*, 160 F.3d at 342 (internal citation omitted).

The final three *Colorado River* factors, however, each weigh in favor of this Court exercising jurisdiction. The first factor supports federal jurisdiction because the state court did not assume jurisdiction over any *res* or property. *Id.* (citing *Romine*, 160 F.3d at 341) (noting that where no property is at issue, the first factor is inapposite and supports exercising jurisdiction). And the second factor, whether the federal forum is less convenient to the parties, too favors federal jurisdiction. This factor it relates to "geographical considerations." *Painewebber*, 276 F.3d at 207 (citing *Colorado River*, 424 U.S. at 820 (noting that 300-mile distance between district court and state court was an important factor supporting abstention)). Tekavec's injury occurred in Canton, Ohio, where the State Court Action is pending. The Red Roof Inns' employees and other witnesses to Tekavec's injury are in Canton. However, Red Roof Inns is headquartered in Columbus, Ohio and A.C. Furniture is headquartered in Axton, Virginia. The chairs that are at the heart of this dispute have been shipped to Red Roof Inns throughout the United States. Thus, the Court finds that this factor is does not favor either fora, a finding which typically weighs against abstention.

The eighth and final *Colorado River* factor, the presence of concurrent jurisdiction, similar to the second factor, weighs neither in favor of abstention nor in favor of the exercise of jurisdiction. However, because of the weighted aspect of this test, it must be considered to lean against abstention.

In balancing the *Colorado River* factors as they apply to this case, the Court finds that the three factors that weigh in favor of the exercise of jurisdiction are significantly less important than those that strongly counsel abstention. Thus, even when the balancing test is weighted

13

heavily in favor of the exercise of jurisdiction, the Court finds that this is one of those truly exceptional cases where the principles of wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation warrants abstention on account of parallel state litigation.

## B. Stay vs. Dismiss

Having found that abstention is appropriate, the Court will stay rather than dismiss this case. *See Emerald Logistics, Inc.*, 2008 U.S. Dits. 64898, at *16 (citing *Bates v. Van Buren Twp.*, 122 F. App'x. 803, 808 (6th Cir. 2004); *Holmes Fin. Assocs., Inc. v. Resolution Trust Corp.*, 33 F.3d 561, 562 (6th Cir. 1994)). A stay "lessens concerns over the statute of limitations, enables the parties to return to the judge who is already familiar with the case, and generally protects all the rights of the parties without imposing any additional burden on the district court." *Id.* (citations omitted). "Further, a stay 'permits the federal court to retain jurisdiction in case the state court action does not meet its anticipated end . . . [and brings] the case back before the same federal judge if a determination is needed as to the preclusive effects of the state judgment or decisions.'" *Id.* (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 698 (7th Cir. 1985) (omissions in original). Any party that still has a claim for which it is entitled to a federal forum and is not barred by *res judicata* may therefore return upon conclusion of the state court proceedings.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Stay (Doc. 26), **STAYS** this action, and **ADMINISTRATIVELY CLOSES** it. The parties are **DIRECTED** to file a notice with this Court at the resolution of the state proceedings. If any

claim remains that is properly before this Court, the Court will reopen the case forthwith and

place it on the active docket.

**IT IS SO ORDERED.**

_d-27-2012_
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

15